VARRICCHIO LAW FIRM
Philip T. Varricchio, Esq.
Nevada Bar No.: 1087
3273 East Warm Springs Road
Las Vegas, Nevada 89120
Telephone: (702)724-8300
Facsimile: (702)724-8302
Email: phil@varricchiolaw.com
*Attorney for Marshall Liberman*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:                                             )
                                                   )  Case No.: BK-S-17-10449-LED
MICHAEL J. MOORE,                                  )
                                                   )  Chapter 13
                                                   )
                                                   )  Date of Hearing: January 23, 2019
                        Debtor                     )  Time of Hearing: 10:30 a.m.
                                                   )
                                                   )
                                                   )
                                                   )

## <u>DECLARATION OF MARSHALL LIEBERMAN IN SUPPORT OF SECURED LIEN STATUS AND EQUITABLE CONSIDERATIONS IN DETERMINING RESIDENTIAL VALUATION DATE</u>

Creditor, Marshall Lieberman declares the following under penalty of perjury:

1. The District Court of Clark County, Nevada, entered an Amended Judgment in my favor on June 27, 2013.

2. Pursuant to Nevada Revised Statute 17.150 (2), on July 17, 2013, a certified copy of the Judgment, together with an Affidavit Pursuant to NRS 17.150(2) in Support was recorded with the Clark County Recorder's office, Instrument # 201307170003133, and specifically identified the real property of debtor, 57 Blue Canyon Court, Henderson, NV 89012, Parcel # 178-22-510-018. (Exhibit 1).

3. The Judgment balance entered by the State Court on June 27th, 2013, totaled $689,425.37, with statutory interest from date of entry.

4. The specific purpose of the recordation of the Judgment and related Affidavit was for the purposes of creating a lien upon the identified real property of the judgment debtor pursuant to Nevada state.

5. Michael J. Moore's Chapter 7 bankruptcy was filed in 2013. (Case No.: 13-20315-ABL). Declarant filed its Adversary Complaint, (Adv. Proc. No.: 14-01046-ABL) seeking to exempt my claims and the Judgment from discharge.

6. Ultimately that Adversary Complaint was settled and documented by a Confession of Judgment in the amount of $200,000 but afforded the debtor an opportunity to pay a reduced sum, if payments pursuant to the scheduled payment plan were made on a timely basis. The Confession was secured by a Short Form Deed of Trust, which documents were duly recorded with the Clark County Recorder's office, effecting a consensual lien on the residential real property. (Exhibit 2 attached hereto).

7. At the time of the Confession and related negotiations, it was anticipated that Las Vegas real estate values, seriously depressed in 2008, would rebound over time, and that value would secure the twelve-year (12 year) payout contemplated by the Confession of Judgment. *It was anticipated and designed that such anticipated real estate value would afford increasing security and motivation for the Defendant/Debtor to adhere to the payment plan over the course of 12 years, or otherwise subject his home to execution sale, allowing Declarant to benefit by the increased value.* (Exhibit 3)

8. Declarant was willing to discount its State Court Judgment balance of almost $700k to a reduced amount, only under circumstances of actual payment, and security in an asset which was specifically anticipated to increase over time.

9. Declarant knew that the Deed of Trust, executed in 2015, was subordinate to a first and second bank lien, and a third lien in favor of Cathy Bohnet, and likely had no residual value if the higher status liens would foreclose, at that time.

2

10. Declarant however, as part of its bargained for adversary settlement valuation, insisted upon such Deed of Trust, *in anticipation of an increased value* of Debtor's real property over the course of the Defendant's payment plan.

11. Based upon the sworn statements of Michael J. Moore, in two bankruptcy filings, and other documents, it appears that the secured Judgment lien of Cathy Bohnet, valued over $110,000, in 2015, was paid down to $11,000. As of the date of Debtor's Chapter 13 filing in January 2017.

12. Inexplicably, Debtor has paid down the junior lien claim of Cathy Bohnet, by at least $100,000.00 between 2015 and 2017, while allowing the first deed of trust to fall into and stay in substantial arrears.

13. Based upon the sworn bankruptcy schedules of Debtor, there is no visible nor identified source of funds from which Debtor could draw from, in order to pay down the junior lien of Cathy Bohnet.

14. Although speculation, it is believed that payments from Debtor Michael J. Moore to Cathy Bohnet, were motivated by Cathy Bohnet's inside information of Moore's fraudulent Ponzi scheme, of which Declarant was victim.

15. Debtor Moore has seemingly deliberately allowed his home to fall into a state of disrepair and allow the spoliation of the security to Creditors senior to the Bohnet lien. Exhibit 4 is the Appraisal conducted at Debtor's request, in August of 2018, which identifies some $34,000.00 in deferred maintenance, including $7000.00 to replace an alleged non-functioning air-conditioning unit).

16. During the pendency of Declarant's Chapter 7 Adversary action, and during negotiations as part of related settlement conferences, Declarant sought payment, in part, from Debtor's anticipated divorce property settlement including his share of his spouse's 401k plan which was to be paid over to Debtor.

3

17. Debtor, in connection with the settlement negotiations which concluded with the Confession of Judgment, specifically represented that his portion of the 401k plan was to be utilized to pay the first mortgage on the residential real property. At the time of the Chapter 7, the 401k amount was identified as $65,000.00. In January 2017, no disclosure of any such funds were identified, nor was their use or disposition disclosed. Equally troubling was the increasing indebtedness to the first mortgage lien, clearly indicating that Debtor intentionally misrepresented the actual use of the 401k funds.

18. Declarant sets forth these factual assertions for the purposes of this Court's consideration of the equities of the circumstances and the absence of Debtor's clean hands.

19. Declarant relied upon and anticipated the increase in real estate values in Las Vegas over the payment plan set out in the Confession of Judgment executed by Moore.

20. Declarant did not anticipate that Moore would fail to use his liquid funds available in 2015 to bring current his mortgage debt as specifically represented, nor that Debtor had funds enough to liquidate $100,000 in debt to Cathy Bohnet, or that Debtor would fail to maintain the secured property.

21. Debtor Moore elected to spend jail time for contempt during the year 2013, rather than turn over complete financial records as ordered by the State Court judge. Debtor appears to have continued his course of misrepresentations in the context of the initial adversary proceeding in his Chapter 7, as to available funds, and their stated application.

22. Debtor's property has increased in value over the course of the pending two years of his Chapter 13, during which time, no viable plan has been proposed in good faith.

23. Debtor will seek to blame banking institutions for delay, but as shown in Exhibit 5, efforts by Ocwen Loan Servicing company in July or August of 2016, months prior to the Chapter 13 filing, to communicate with Debtor were ignored.

24. Debtor has not disclosed the terms of the Divorce Settlement Agreement, which is sealed.

25. Debtor's delay of almost two years, Declarant's reliance upon the increase in Debtor's real estate value at the time it entered into the Short Form Deed of Trust, and Confession of Judgment, Debtor's misrepresentations to Declarant, and mysterious sourcing of funds to pay Bohnet, the actual increase in Debtor's real property value, should equitably be construed in a manner so as not allow the circumstances to permit additional plundering by this Debtor.

26. Accordingly, Declarant requests that under the circumstances, the valuation of the residential real property, be determined and identified as of the Confirmation date, which date itself, has yet to be fully fixed.

DATED: December 27th, 2018

_Marshall Lieberman_

Marshall Lieberman

Respectfully submitted by:
VARRICCHIO LAW FIRM
/s/ Philip T. Varricchio, Esq._____
Philip T. Varricchio, Esq.
Nevada Bar No. 1087
3273 East Warm Springs Road
Las Vegas, Nevada 89104
*Attorney for Marshall Lieberman*

# EXHIBIT 1

Inst #: 201307170003133
Fees: $21.00
N/C Fee: $0.00
07/17/2013 04:42:00 PM
Receipt #: 1696444
Requestor:
FIRST LEGAL INVESTIGATIONS
Recorded By: COJ   Pgs: 5
DEBBIE CONWAY
CLARK COUNTY RECORDER

## RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# ___178-22-510-018___

_____

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

### TITLE OF DOCUMENT
(DO NOT Abbreviate)

Affidavit Pursuant to N.R.S. 17.150(2) in Support of

Recordation of Amended Judgment Nun Pro Tunc

**Document Title on cover page must appear EXACTLY as the first page of the
document to be recorded.**

RECORDING REQUESTED BY:
Varricchio Law Firm

RETURN TO: Name Philip T. Varricchio, Esq.

Address 3000 W. Charleston Blvd., Suite 300

City/State/Zip Las Vegas, NV 89102

MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)

Name Philip T. Varricchio, Esq.

Address 3000 W. Charleston Blvd., Suite 300

City/State/Zip Las Vegas, NV 89102

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly—do not use page scaling.

Electronically Filed
07/16/2013 09:14:56 AM

**CLERK OF THE COURT**

AFFT
VARRICCHIO LAW FIRM
PHILIP T. VARRICCHIO, ESQ.
Nevada Bar No. 1087
3000 W. Charleston Boulevard, #3
Las Vegas, NV  89102
Telephone:   702-724-8300
Facsimile:   702-259-8646
Email:         ptvesq@gmail.com

*Attorney for Plaintiff, Marshall Lieberman*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MARSHALL LIEBERMAN, an individual,

Plaintiff,

vs.

MICHAEL J. MOORE, an individual; and
DOES I through X, inclusive,

Defendants.

Case No. A-12-673492-C
Dept. No. XVII

**AFFIDAVIT  PURSUANT TO N.R.S.
17.150(2) IN SUPPORT OF
RECORDATION OF AMENDED
JUDGMENT NUN PRO TUNC**

STATE OF NEVADA     )
                                          ) ss:
COUNTY OF CLARK   )

PHILIP T. VARRICCHIO, being first duly sworn, deposes and says:

1. That affiant is counsel for Plaintiff in the above-entitled matter.

2. That, to the best of affiant's knowledge, the last known addresses of the judgment debtor, Michael J. Moore, MJM Financial Services, and MJM Financial Enterprises, is 57 Blue Canyon Court, Henderson, Nevada 89012.

3. Judgment was initially entered against Michael J. Moore individually and D.B.A. The Vegas Connection, MJM Financial Services, and MJM Financial Enterprises. An Amended Judgment was entered on June 27, 2013, in favor of Plaintiff, Marshall Lieberman in the total amount of $593,721.48 plus statutory interest. .

4. That the last four digits of the Social Security Number of said judgment debtor's Michael J. Moore, is 1229 and year of birth is 1965.

1

5. That affiant has confirmed that judgment debtor is a legal owner of real property located at, 57 Blue Canyon Court, Henderson, Nevada 89012; Parcel No.: 178-22-510-018.

6. That the Amended Judgment was entered in the Eighth Judicial District Court, of The State of Nevada, Department XVII and is duly entered upon said Court's records.

7. That Affiant bases all information contained within this affiant on personal knowledge and not information and belief.

Dated this 15ᵗʰ day of July, 2013.

VARRICCHIO LAW FIRM

PHILIP T. VARRICCHIO, ESQ.
Nevada Bar No. (1087)
3000 W. Charleston Blvd., Suite 3
Las Vegas, Nevada 89102
*Attorney for Plaintiff*

SUBSCRIBED and SWORN TO before me this 15ᵗʰ day of July, 2013



NOTARY PUBLIC
JENNIFER COWANS
STATE OF NEVADA - COUNTY OF CLARK
My APPOINTMENT EXP. JAN 21 2015
No. 11-4050-1

Jennifer Cowans for Philip Varricchio **
Notary Public in and for said County and State

VARRICCHIO LAW FIRM
3000 W. CHARLESTON BOULEVARD, #3
LAS VEGAS, NEVADA 89102
Telephone: (702) 731-8300   Facsimile: (702) 259-8546

2

ORIGINAL

Electronically Filed
06/27/2013 02:00:01 PM

**CLERK OF THE COURT**

1   **JUDG**
    VARRICCHIO LAW FIRM
2   PHILIP T. VARRICCHIO, ESQ.
    Nevada Bar No. 1087
3   3000 W. Charleston Boulevard, #3
    Las Vegas, NV  89102
4   Telephone:  702-724-8300
    Facsimile:  702-259-8646
5   Email:     ptvesq@gmail.com
    *Attorney for Plaintiff, Marshall Lieberman*
6

7                       DISTRICT COURT

8                    CLARK COUNTY, NEVADA

9   MARSHALL LIEBERMAN, an individual,

10                  Plaintiff,

11  vs.

12  MICHAEL J. MOORE, as an individual; and
    doing business as THE VEGAS
13  CONNECTION;  and doing business as MJM
    FINANCIAL SERVICES, and doing business as
14  MJM FINANCIAL ENTERPRISES;  DOES I
    through X, inclusive,
15

16                  Defendants.

17

Case No.: A-12-673492-C
Dept. No.: XVII

**AMENDED JUDGMENT NUN PRO TUNC**

18          The Court, having read and reviewed the plaintiff's Application for Default Judgment (the

19  "Application") and the pleadings and papers on file herein, as well as the Motion to Amend

20  Judgment heard on June 12, 2013, and good cause appearing, hereby enters its Amended Judgment

21  Nun Pro Tunc in favor of the Plaintiff, Marshall Lieberman ("Lieberman"), and against Defendants

    Michael J. Moore, individually, and doing business as THE VEGAS CONNECTION, MJM
22
    Financial Services, and MJM Financial Enterprises,

23          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said Defendants and each
24
    of them is liable to Lieberman for fraud, breach of fiduciary duty, tortious breach of the implied
25
    covenant of good faith and fair dealing, and breach of contract with respect to the funds Moore held
26
    on Lieberman's behalf.  Accordingly, Lieberman shall take Judgment against Moore, THE VEGAS
27
    CONNECTION, MJM Financial Services, and MJM Financial Enterprises as compensatory damages
28
    for fraud in the principal amount of $93,616.75, plus pre-judgment interest in the amount of

    $ 2,087.14, and post-judgment interest at the legal rate (statutory) until satisfied in full.

*(sidebar)* VARRICCHIO LAW FIRM
3000 W. CHARLESTON BOULEVARD, #3
LAS VEGAS, NEVADA  89102
Telephone: (702) 724-8300  Facsimile: (702) 259-8646

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said Defendants and each of them are liable to Lieberman for fraud, breach of fiduciary duty, tortious breach of the implied covenant of good faith and fair dealing, and breach of contract with respect to Lieberman's "investment" in The Vegas Connection.   Accordingly, Lieberman shall take Judgment against Defendants as compensatory damages for fraud in the principal amount of $ 73,500.00, plus pre-judgment interest in the amount of $ 8,394.00, and post-judgment interest at the legal rate until satisfied in full.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lieberman shall take Judgment against Defendants for attorney's fees in the amount of $9,945.50, and costs in the amount of $ 531.73 in the total amount of $10,477.23, which amounts shall accrue interest post-judgment at the legal rate until satisfied in full.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lieberman shall take Judgment against Defendants for punitive damages in the amount of $ 501,350.25.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a Writ of Possession shall issue directing the sheriff to seize all of Lieberman's tax returns, tax-related documents (including, but not limited to, any Form 1099 issued to Lieberman), and any other document containing Lieberman's financial information, which documents are believed to be located at 57 Blue Canyon Court, Henderson, Nevada 89012.

DATED this 25 day of June, 2013.

HONORABLE MICHAEL VILLANI
DISTRICT COURT JUDGE
K Hardcastle

Submitted by:
VARRICCHIO LAW FIRM

By:
PHILIP T. VARRICCHIO, ESQ.,
Nevada Bar No: 1887
3000 W. Charleston Blvd., Suite 3
Las Vegas, NV 89102
*Attorney for Plaintiff*

JUL 17 2013
CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE

CLERK OF THE COURT

VARRICCHIO LAW FIRM
3000 W. CHARLESTON BOULEVARD, #3
LAS VEGAS, NEVADA 89102
Telephone: (702) 724-8300   Facsimile: (702) 259-8646

# EXHIBIT 2



Inst #: 20150821-0002526
Fees: $20.00
N/C Fee: $0.00
08/21/2015 03:01:30 PM
Receipt #: 2533625
Requestor:
VARRICCHIO LAW FIRM
Recorded By: DHG    Pgs: 4
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

## RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN#  178-22-510-018

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

### TITLE OF DOCUMENT
(DO NOT Abbreviate)

SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

**RECORDING REQUESTED BY:**

Philip T. Varricchio, Esq.

**RETURN TO:** Name  Philip T. Varricchio, Esq.

Address  1320 S. Casino Center Boulevard

City/State/Zip  Las Vegas, Nevada  89104

**MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)**

Name

Address

City/State/Zip

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly, do not use page scaling.
Using this cover page does not exclude the document from assessing a noncompliance fee.
P:\Common\Forms & Notices\Cover Page Template Feb2014

APN: 178-22-510-018

WHEN RECORDED MAIL TO:
Philip T. Varricchio, Esq.
1320 South Casino Center Blvd.
Las Vegas, NV 89104

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this 3rd day of ~~June~~ August, 2015, between Michael J. Moore, and Manolita Moore, TRUSTOR, whose address is 57 Blue Canyon Court, Henderson, NV, 89012-2498, and Marshall Lieberman, called BENEFICIARY, whose address is 1828 Hovenweep Street, Henderson, NV 89052-7142, and NEVADA TITLE COMPANY, a Nevada corporation herein called TRUSTEE:

WITNESSES THAT Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with power of sale, that property in Clark County, Nevada, described as follows:

> 57 Blue Canyon Court
> Champion Village- Unit 7
> Plat Book 87 Page 4
> Lot 42 Block 10
> Recorded document no. 19990726:01090

Page 1 of 3

APN: 178-22-510-018

Said property commonly known as 57 Blue Canyon Court, Henderson, Nevada, 89012-2498.

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by the Confession of Judgment dated June , in the principal amount of $200,000, on file in the US Bankruptcy Court, Southern District Of Nevada, Case # 14-01046-ABL together with the schedule of payments annexed thereto, evidenced by one Confession of Judgment of even date herewith, and any extension or renewal thereof, in the principal sum of $200,000, executed by Trustor in favor of Beneficiary on order. 3. Payment of such additional sums as may hereafter be borrowed from beneficiary by the then record owner of said property, when evidenced by another promissory note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of the Deed of Trust and the Confession of Judgment secured hereby, that provisions contained therein are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; and that Trustor will observe and perform said provisions; and that the reference to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

_____
MICHAEL T. MOORE

_____
MANOLITA MOORE

STATE OF NEVADA          )

Page 2 of 3

Description: Clark,NV Document - Year.Date.DocID 2015.821.2526 Page: 3 of 4
Order: 57 Blue Canyon Court Comment:

APN: 178-22-510-018

COUNTY OF CLARK                    ) ss:
                                  )

On **August 3**                          , 2015,
personally appeared before me, a notary public,
MICHAEL J. MOORE and ~~MANOLITA MOORE, JR~~
personally known or proved to me to be the persons
whose names are subscribed to the foregoing Short
Form Deed of Trust and Assignment of Rents, and who
acknowledged that they executed the same for the
purposes therein contained.



_____
            NOTARY PUBLIC

JANINE LEE
Notary Public, State of Nevada
Appointment No. 08-10676-1
My Appt. Expires Jul 24, 2017

Page 3 of 3

escription: Clark,NV Document - Year.Date.DocID 2015.821.2526 Page: 4 of 4
rder: 57 Blue Canyon Court Comment:

# EXHIBIT 3

VARRICCHIO LAW FIRM
PHILIP T. VARRICCHIO, ESQ.
Nevada Bar No.: 1087
1320 S. Casino Center Boulevard
Las Vegas, Nevada 89104
Telephone: (702)724-8300
Facsimile:  (702)724-8302
Email: phil@varricchiolaw.com

*Attorney for Plaintiff, Marshall Lieberman*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:                                            )   Case No.: 13-20315-ABL
                                                  )   Chapter:  7
                                                  )
MICHAEL J. MOORE,                                 )   Adv. Proc. No.:  14-01046-ABL
                                                  )
                    Debtor,                       )
                                                  )
_____                   )
                                                  )
MARSHALL LIEBERMAN                                )
                                                  )
                    Plaintiff,                    )
                                                  )
vs.                                               )
                                                  )
MICHAEL J. MOORE,                                 )
                                                  )
                    Defendant.                    )
                                                  )

## CONFESSION OF JUDGMENT

Defendant, MICHAEL J. MOORE HEREBY AUTHORIZES THE ENTRY OF

JUDGMENT AND ACKNOWLEDGES HE IS INDEBTED TO MARSHALL LIEBERMAN in

the principal sum of $200,000.00, with interest thereon at the statutory rate (commencing from

the date of default), which amount shall be paid pursuant to the terms and conditions set forth

herein, secured by a Short Form Deed of Trust and Assignment of Rents (to the extent Manolita

Varricchio Law Firm
_____
1320 S. Casino Center Boulevard• Las Vegas, NV 89104 • (702) 724-8300                    Page 1 of 7

1   Moore consents to the execution of the Deed of Trust, in favor of Marshall Lieberman, on the

2   residential real property located at 57 Blue Canyon Gate, Henderson, Nevada, 89012-2498, being

3   parcel # 178-22-510-018. This Confession of Judgment and Deed of Trust shall be recorded and

4   enforced by any and all legal means, subject to the terms and conditions as set forth herein. (As a

5   condition to the execution and recording of the DOT, Manolita Moore, Michael Moore's former

6   spouse shall consent to the Deed of Trust since her name remains of record on title. Obtaining

7   the consent of Manolita Moore shall be the responsibility of Marshall Lieberman, however,

8   Michael J. Moore agrees to use commercially reasonable efforts to obtain her signature.).

9

10       Michael J. Moore states by verified oath herein, that it authorizes and confesses judgment

11   pursuant to NRS 17.090, 17.100, and 17.100 in favor of Plaintiff Marshall Lieberman, inclusive

12   of all attorney fees, court costs, and interest, unless otherwise provided for herein in the event of

13   default in payments.

14       This Confession of Judgment shall survive Michael J. Moore's bankruptcy filings as it

15   shall be deemed a non-dischargeable judgment debt pursuant to 11 U.S.C. § 523, not

16   dischargeable in Michael J. Moore's Chapter 7 Bankruptcy Case No. 13-20315-ABL. This

17   Confession of Judgment is the written memorialization of the terms and conditions put on record

18   by the respective parties before this Court on February 17th, 2015, reflecting the negotiated

19   settlement in the settlement conference before U.S. Bankruptcy Judge Herb A. Ross, designated

20   Settlement Conference Judge in the above captioned Adversary case.

21       Michael J. Moore does confess judgment on the basis of having receiving funds provided

22   by Marshall Lieberman, in an alleged amount of $190,000.00 paid by deposits to certain bank

23   accounts set up by Michael J. Moore, for the receipt of such sums, and for related damages and

24   liabilities as set forth in Adversary proceeding. The parties further acknowledge that in

25   settlement of the above captioned adversary proceeding, as well as the related Clark County

26   District Court Case No. A-12-673492-C, wherein Judgment was entered in favor of Marshall

27   Lieberman, Marshall Lieberman has agreed to accept this Confession of Judgment, secured by a

28

Varricchio Law Firm

Deed of Trust upon the real property commonly identified as 57 Blue Canyon Court, Henderson, Nevada.

The Defendant does confess that the debt herein is justly due and that there are no substantive or procedural defenses to this Confession, and that it was executed under his own volition and not under any duress or coercion or anything other than free will, in an individual capacity.

The Defendant, does confess that he has had time to seek counsel of his own choosing to review this Confession of Judgment, and in fact has had such counsel since the inception of the adversary proceeding above captions, and has no defenses whether now known or unknown.

This Confession of Judgment in the amount of $200,000.00, may be paid at the reduced sum of $100,000.00, so long as payments are made strictly and timely in accordance with the following payment schedule:

YEAR ONE: (March 15th, 2015-January 15th, 2016)

1. $200.00 Payment per month for 10 months, commencing on the 15th Day of March, 2015.

2. $3,000.00 Payment on the 15th day of the January, 2016)

TOTAL PAYMENTS YEAR ONE:                    $  5,000.00


YEAR TWO: (February 15th, 2016-January 15th, 2017)

1. $300.00 Payment per month for each of 12 consecutive months on the 15th day of each month.

2. $3,400.00 Payment due on the 15th day of the 12th month.

TOTAL PAYMENTS YEAR TWO:                    $  7,000.00


YEAR THREE, FOUR, FIVE, SIX, AND SEVEN: (February 15th, 2017-January 15th, 2022)

1.     $500.00 Payment per month for each of 12 consecutive months on the 15th day of each month.

2.     $2,000.00 payment on the 15th day of the 12th month.

TOTAL PAYMENTS EACH YEAR FOR

YEARS 3-7

                                               $ 8,000.00

YEAR EIGHT, NINE, AND TEN: (February 15th, 2022- January 15th, 2025)

1.     $750.00 per month for each of 12 consecutive months on the 15th day of each month.

    TOTAL PAYMENTS EACH YEAR FOR

    YEARS 8-10                       $ 9,000.00

YEAR ELEVEN: (February 15th, 2025-January 15th, 2026)

1.     $750.00 per month for each of 12 consecutive months on the 15th day of each month.

    TOTAL PAYMENTS YEAR ELEVEN:       $ 9,000.00

YEAR TWELVE: (May 1, 2026)

1.     $12,000.00 payment on or before May 1, 2026(90 days after the last scheduled payment in year Eleven)

    TOTAL PAYMENT YEAR TWELVE:       $ 12,000.00

    <u>SCHEDULED TOTAL PAYMENTS:</u>       <u>$100,000.00</u>

    Payments shall be made monthly by direct deposit to the bank account designated in writing by Marshall Lieberman, and shall be deemed delinquent if not credited to such account on or before the 15th day of each of month. Michael J. Moore shall have 10 calendar days to cure any default or missed payment due and owing hereunder. In the event of default, Interest at the

statutory rate shall commence from the default date, and accrue on the entire principal balance of $200,000.00, less payments made to the date of default, and shall accrue on the declining principal balance from the default date until paid in full.  Payments shall be applied first to accruing interest and then to reduce principal.  Michael J. Moore shall be entitled to prepay the amounts due hereunder without penalty at any time.

The terms of this Confession of Judgment call for payment in the sum of $200,000.00 with option of Michael J. Moore to pay the reduced sum of $100,000.00 so long as payments are made on or before the due date as set forth above.  In the event of any default, the opportunity to pay the reduced sum shall no longer be an option and the full Confession of Judgment amount shall accelerate and be immediately due and payable.  Plaintiff, shall upon default, be entitled to such post judgment collection and enforcement remedies as may be available, including but not limited to the foreclosure of the Deed of Property executed to secure this Confession of Judgment.  The election of any remedy by Plaintiff, shall not be a waiver of any other remedy.  The election to pursue non-foreclosure remedies shall not act as a waiver or relinquishment of the right at any time after default, to seek foreclosure of its Deed of Trust. Plaintiff may seek an award of attorney fees and costs that may be incurred after default related to the enforcement of the Confession of Judgment terms, and payment.

Notice of Default shall be provided by the Plaintiff, or its representative, delivered personally by overnight delivery service or private courier service or sent by certified or registered mail, return receipt requested, first class postage prepaid, to Michael J. Moore, at the address of 57 Blue Canyon Court, Henderson, Nevada, 89012, unless otherwise designated in writing to Plaintiff.  The failure of Michael J. Moore to provide a current address shall not be cause to excuse or delay Default, the acceleration of the amount confessed herein, or the inaction of any judgment enforcement remedies.

The parties each declare, under penalty of perjury, the foregoing to be true, correct, and confess judgment in the sums stated because said sums are justly due and correct.

Varricchio Law Firm
1320 S. Casino Center Boulevard• Las Vegas, NV 89104 • (702) 724-8300

Page 5 of 7

The parties each declare, under penalty of perjury, the foregoing to be true, correct, and confess judgment in the sums stated because said sums are justly due and correct.

By: _____
MICHAEL J. MOORE

STATE OF NEVADA )
)ss:
COUNTY OF CLARK )

SIGNED and SWORN TO (or affirmed) before me on July 31, 2015, by MICHAEL J. MOORE.

_____
Notary Public

SUBMITTED BY:

_____
VARRICCHIO LAW FIRM
PHILIP T. VARRICCHIO, ESQ.
Nevada Bar No. 1087
1320 S. Casino Center Boulevard
Las Vegas, Nevada 89104
*Attorney for Plaintiff, Marshall Lieberman*

APPROVED AS TO FORM/CONTENT

By:_____
BRIAN BLANKENSHIP, ESQ.
SCHWARTZ FLANSBURG, PLLC
6623 Las Vegas Blvd., #300
Las Vegas, Nevada 89119
*Attorneys for Defendant, Michael J. Moore*

LORI E. KENNEDY
Notary Public, State of Nevada
Appointment No. 10-1614-1
My Appt. Expires Feb 22, 2018

Varricchio Law Firm
1320 S. Casino Center Boulevard Las Vegas, NV 89104 (702) 735-8500

Page 6 of 6

APN: 178-22-510-018

WHEN RECORDED MAIL TO:
Philip T. Varricchio, Esq.
1320 South Casino Center Blvd.
Las Vegas, NV 89104

---

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this 3rd day of ~~June,~~ August, 2015, between Michael J. Moore, and Manolita Moore, TRUSTOR, whose address is 57 Blue Canyon Court, Henderson, NV, 89012-2498, and Marshall Lieberman, called BENEFICIARY, whose address is 1828 Hovenweep Street, Henderson, NV 89052-7142, and NEVADA TITLE COMPANY, a Nevada corporation herein called TRUSTEE:

WITNESSES THAT Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with power of sale, that property in Clark County, Nevada, described as follows:

> 57 Blue Canyon Court
> Champion Village- Unit 7
> Plat Book 87 Page 4
> Lot 42 Block 10
> Recorded document no. 19990726:01090

Page 1 of 3

APN: 178-22-510-018

Said property commonly known as 57 Blue Canyon Court, Henderson, Nevada, 89012-2498.

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2.  Payment of the indebtedness evidenced by the Confession of Judgment dated June , in the principal amount of $200,000, on file in the US Bankruptcy Court, Southern District Of Nevada, Case # 14-01046-ABL together with the schedule of payments annexed thereto, evidenced by one Confession of Judgment  of even date herewith, and any extension or renewal thereof, in the principal sum of $200,000, executed by Trustor in favor of Beneficiary on order.  3.  Payment of such additional sums as may hereafter be borrowed from beneficiary by the then record owner of said property, when evidenced by another promissory note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of the Deed of Trust and the Confession of Judgment secured hereby, that provisions contained therein are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; and that Trustor will observe and perform said provisions; and that the reference to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

MICHAEL J MOORE

MANOLITA MOORE

STATE OF NEVADA            )

Page 2 of  3

APN: 178-22-510-018

COUNTY OF CLARK ) ss:
)

On August 3 , 2015,
personally appeared before me, a notary public,
MICHAEL J. MOORE and ~~MANOLITA MOORE~~, 
personally known or proved to me to be the persons
whose names are subscribed to the foregoing Short
Form Deed of Trust and Assignment of Rents, and who
acknowledged that they executed the same for the
purposes therein contained.

NOTARY PUBLIC

JANINE LEE
Notary Public, State of Nevada
Appointment No. 09-10578-1
My Appt. Expires Jul 24, 2017

Page 3 of 3

# EXHIBIT 4

Horizon Village Appraisal

20180627001
File No. 57_Blue_Canyon

## APPRAISAL OF



### LOCATED AT:

57 Blue Canyon Court
Henderson, NV 89012

### CLIENT:

Michael J. Moore
57 Blue Canyon Court
Henderson, NV 89012

### AS OF:

January 31, 2017

### BY:

Glenn J. Rigdon, MA, MRICS, IFAS, ASA
Horizon Village Appraisal

Horizon Village Appraisal

20180627001
File No. 57_Blue_Canyon

June 29, 2018

Michael J. Moore
57 Blue Canyon Court
Henderson, NV 89012

File Number:  57_Blue_Canyon

Dear Mr. Moore;

In accordance with your request, I have appraised the real property at:

57 Blue Canyon Court
Henderson, NV  89012

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   January 31, 2017                is:

$310,000
Three Hundred Ten Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

All the Best,

Glenn J. Rigdon, MA, MRICS, IFAS, ASA
Horizon Village Appraisal
Certified NV General Appraiser # 2773

701 N. Green Valley Pkwy., Ste 200, Henderson, NV 89074  702-568-6699

20180627001

## Residential Appraisal Report

File No. 57_Blue_Canyon

**PURPOSE**

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

Client Name/Intended User  Michael J. Moore    E-mail MJMVegas@yahoo.com
Client Address  57 Blue Canyon Court    City Henderson    State NV    Zip 89012
Additional Intended User(s)  M. J. Moore, his attorney and the court.

Intended Use  Bankruptcy / Litigation

**SUBJECT**

Property Address  57 Blue Canyon Court    City Henderson    State NV    Zip 89012
Owner of Public Record  M. J. & M. B. Moore    County Clark
Legal Description  Champion Village Unit 7, Lot 42, Block 10
Assessor's Parcel #  178-22-510-018    Tax Year 2017-2018    R.E. Taxes $ 2,485.00
Neighborhood Name  Champion Village    Map Reference 77-A6    Census Tract 53.63
Property Rights Appraised  [X] Fee Simple  [ ] Leasehold  [ ] Other (describe)
My research [ ] did  [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer:  Date 7/26/1999    Price $213,937    Source(s) MLS and County Records

**SALES HISTORY**

Analysis of prior sale or transfer history of the subject property and comparable sales, if applicable  No conveyance activity was noted for the subject property since except deed conveyying partial interest in 1999. No prior sales of the subject property or prior sales of the comparables sales used in this report were deemed significant to the retrospective valuation. A $ 18 HOA fee (Monthly) was noted for the subject via the Desert HOA.

Offerings, options and contracts as of the effective date of the appraisal    None disclosed.

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban [X] Suburban [ ] Rural | | Property Values | [X] Increasing [ ] Stable [ ] Declining | | PRICE $(000) | AGE (yrs) | One-Unit | 80 % |
| Built-Up | [X] Over 75% [ ] 25-75% [ ] Under 25% | | Demand/Supply | [ ] Shortage [X] In Balance [ ] Over Supply | | 175 Low | 8 | 2-4 Unit | 0 % |
| Growth | [ ] Rapid [X] Stable [ ] Slow | | Marketing Time | [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | | 500 High | 38 | Multi-Family | 0 % |
| | | | | | | 350 Pred. | 28 | Commercial | 0 % |
| | | | | | | | | Other Vacant | 20 % |

Neighborhood Boundaries  I-215 Hwy. to the North, Gibson Rd. to the East, Stephanie St. to the West and Horizon Ridge Pkwy. to the South.

Neighborhood Description  Residential neighborhood with typical off-site improvements. Homes in the market area were generally newer (post-1990) and most have some physical depreciation. Overall the neighborhood has medium to low-density development with relatively large lots and some common area amenities as mentioned.

Market Conditions (including support for the above conclusions)  Relatively few REO and short-sales with market improvements due in part to a shortage of homes on the market on the retrospective date of value. Interest rates are also beginning to increase which is also a change in the market that may not be positive.

**SITE**

Dimensions 66' X 111.5' (Approx.)    Area 0.16 Acre    Shape Irregular    View Street scene
Specific Zoning Classification  RS-6    Zoning Description Low-Density Single-Family Residential (6 DUPA)
Zoning Compliance  [X] Legal  [ ] Legal Nonconforming (Grandfathered Use)  [ ] No Zoning  [ ] Illegal (describe)
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes  [ ] No  If No, describe. There was little demand on the date of value for a property in need of conversion, thus the value is in its residential use. See Highest & Best Use.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street Asphalt | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley None | | |

Site Comments  There were no adverse easements observed based on the inspection. The subject property is not in a 100 year flood zone as displayed in the attached maps and does not require flood insurance for most mortgages. The subject is located on a cul-de-sac.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION materials/condition | | INTERIOR materials/condition | |
|---|---|---|---|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | | [X] Concrete Slab [ ] Crawl Space | | Foundation Walls Poured conc. slab | | Floors Cpt., / Laminate | |
| # of Stories Two (2) | | [ ] Full Basement [ ] Partial Basement | | Exterior Walls Painted Stucco | | Walls Painted drywall | |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | | Basement Area N/A sq. ft. | | Roof Surface Concrete Tile | | Trim/Finish Wood | |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish N/A % | | Gutters & Downspouts None | | Bath Floor Carpet | |
| Design (Style) Contemporary | | [ ] Outside Entry/Exit [ ] Sump Pump | | Window Type Slide-by | | Bath Wainscot Fiberglas | |
| Year Built 1999 | | | | Storm Sash/Insulated None | | Car Storage [ ] None | |
| Effective Age (Yrs) 18a / 16e | | | | Screens Yes / Sun Protect | | [X] Driveway # of Cars 3 | |
| Attic [ ] None | | Heating [ ] FWA [ ] HW [ ] Radiant | | Amenities | | Driveway Surface Concrete | |
| [ ] Drop Stair [ ] Stairs | | [X] Other FAU Fuel GAS | | [X] Fireplace(s) # [X] Fence C. Blk. | | [X] Garage # of Cars 3 | |
| [ ] Floor [X] Scuttle | | Cooling [ ] Central Air Conditioning | | [X] Patio/Deck Slab [X] Porch CCvd. | | [ ] Carport # of Cars | |
| [ ] Finished [ ] Heated | | [ ] Individual [X] Other | | [ ] Pool [X] Other BBQ | | [ ] Att. [ ] Det. [ ] Built-In | |
| Appliances [X] Refrigerator [X] Range/Oven | | [X] Dishwasher [X] Disposal [X] Microwave | | [X] Washer/Dryer [ ] Other | | | |

Finished area above grade contains:  9 Rooms  4 Bedrooms  2.5 Bath(s)  3,289 Square Feet of Gross Living Area Above Grade

Additional Features  Garage indicated to be 480 square feet (3 car) by Clark County Assessor. County indicates a pool but none exists. Extended driveway and gate were completed for RV parking and the extended slab extends along the south side of the building. A number of rooms have ceiling fans. Extra room (den) has no closet. SEE ADDENDA

Comments on the Improvements  Carpeting and laminate is in fair to poor condition and needs replacement. Front porch is covered, patio at rear of building is also covered and has a balcony above. Water stained concrete at front. Interior painting is discolored and water stained and interior needs repainting. Upstairs AC does not work and owner advised it needs replacement. Other deferred maintenance items have been discussed with their cost-to-cure estimated. Appraiser measurements and Photometric overlay confirmed the Assessor's measurements. SEE ADDENDA

gpar

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 1 of 2

This form Copyright © 2005-2014 ACI, All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 1/2/2005
GPAR1004_06 11/024014

20180627001

## Residential Appraisal Report

File No./Ref. 57_Blue_Canyon

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 57 Blue Canyon Court | 31 Blue Cavern St. | | 50 Coyote Hills St. | | 51 Hidden Mesa Ct. | |
| Address | Henderson | Henderson | | Henderson | | Henderson | |
| Proximity to Subject | | Same Subdivision | | Same Subdivision | | Same Subdivision | |
| Sale Price | $ N/A | $ 400,000 | | $ 351,000 | | $ 336,800 | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 121.62 sq. ft. | | $ 103.57 sq. ft. | | $ 99.41 sq. ft. | |
| Data Source(s) | | GLVAR / MLS / Assessor | | GLVAR MLS / Assessor | | GLVAR MLS / Assessor | |
| Verification Source(s) | | Document Reviewed | | Document Reviewed | | Pending Sale | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | VA | | CASH | | CONV | |
| Concessions | | None | | None | | Seller Contrib. | -9,800 |
| Date of Sale/Time | N/A | 12/23/2016 | | 8/28/2016 | | 10/31/2016 | |
| Location | Suburban | Similar | | Similar | | Similar | |
| Leasehold/Fee Simple | Fee Simple | Similar | | Similar | | Similar | |
| Site | 0.16 Acre | 0.15 Ac. / Sim. | | 0.14 Ac. / Sim. | | 0.17 Ac. / Sim. | |
| View | Street scene | Similar | | Similar | | Similar | |
| Design (Style) | Contemporary | Similar | | Similar | | Similar | |
| Quality of Construction | Average | Similar | | Similar | | Similar | |
| Actual Age | 18a / 16e | 17a / 16e | | 17a / 15e | | 17a / 15e | |
| Condition | Fair to Poor | Superior | -35,000 | Superior | -35,000 | Superior | -30,000 |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 9 4 2.5 | 9 5 2.5 | | 9 4 4.0 | -2,500 | 5 4 4 | |
| Gross Living Area | 50.00 sq. ft. | 3,289 sq. ft. | 0 | 3,389 sq. ft. | -5,000 | 3,388 sq. ft. | -4,950 |
| Basement & Finished | | | | | | | |
| Rooms Below Grade | No Basement | Similar | | Similar | | Similar | |
| Functional Utility | Typical | Similar | | Similar | | Similar | |
| Heating/Cooling | FAU | Similar | | Similar | | Similar | |
| Energy Efficient Items | Typical | Similar | | Similar | | Similar | |
| Garage/Carport | 3 Car Garage | 3 Car / Similar | | 3 Car / Similar | | 3 Car / Similar | |
| Porch/Patio/Deck | CFP / CCP / Balc | Similar | | Cvd. Patio / Inf. | 2,000 | Similar | |
| Upgrades | BBQ | 1 F/P / Superior | -1,500 | 1 F/P / Superior | -1,500 | 1 F/P / Superior | -1,500 |
| Upgrades | Fence,BBQ | Pool | -20,000 | None | | None | |
| Days on Market | N/A | 5 | | 29 | | 1 | |
| Net Adjustment (Total) | | [ ]+ [X]- $ | 56,500 | [ ]+ [X]- $ | 42,000 | [ ]+ [X]- $ | 46,250 |
| Adjusted Sale Price | | Net Adj. -14.1% | | Net Adj. -11.9% | | Net Adj. -13.7% | |
| of Comparables | | Gross Adj. 14.1% $ | 343,500 | Gross Adj. 13.11% $ | 309,000 | Gross Adj. 13.73% $ | 290,550 |

Summary of Sales Comparison Approach  Appraiser selected 5 closed sales and reviewed pending / contingent sales as of the retrospective date of value. Sale #1 through Sale #3 required the smallest gross adjustment and they were favored in the reconciliation. Large downward adjustments were made under condition due to the deferred maintenance items identified by the appraiser for the subject property in this report. As discussed a building inspection / contractor estimates are suggested to verify / verify the appraiser deferred maintenance estimates. A final point value opinion of $ 310,000 was concluded for the subject based on the adjustment of the sales as displayed.

**COST APPROACH TO VALUE**

Site Value Comments  Cost Approach was not used to value the subject property.

| ESTIMATED [ ] REPRODUCTION OR [ ] REPLACEMENT COST NEW | OPINION OF SITE VALUE ........................... = $ | 0 |
|---|---|---|
| Source of cost data | Dwelling 3,289 Sq. Ft. @ $ ........... = $ | 0 |
| Quality rating from cost service   Effective date of cost data | Sq. Ft. @ $ ........... = $ | 0 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | Garage/Carport Sq. Ft. @ $ ........... = $ | 0 |
| | Total Estimate of Cost-New | |
| | Less   Physical  Functional  External | |
| | Depreciation = $( | 0) |
| | Depreciated Cost of Improvements ........................... = $ | 0 |
| | "As-Is" Value of Site Improvements ........................... = $ | |
| | INDICATED VALUE BY COST APPROACH. (rounded) ........ = $ | 0 |

**INCOME APPROACH TO VALUE**

Estimated Monthly Market Rent $  N/A  X Gross Rent Multiplier  N/A  = $  N/A  Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)  N / A

Indicated Value by: Sales Comparison Approach $  310,000   Cost Approach (if developed) $ 0   Income Approach (if developed) $ N / A

The sales approach was deemed the most reliable and only appropriate approach for valuation purposes. Appraiser took into consideration the fact that REO and Short Sales were made with atypically short marketing times with Sellers offering discounts for short marketing times, most are made due to financial hardship or under duress.

This appraisal is made [ ] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [X] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, [ ] subject to the following: [ ] A number of deferred maintenance items were noted and described herein as of the effective date of value, the appraiser estimated a cost-to-cure. As discussed this report is retrospective as of the date noted.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report is $  310,000  as of  January 31, 2017  , which is the effective date of this appraisal.



### Residential Appraisal Report

20180627001

File No. 57_Blue_Canyon

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 57 Blue Canyon Court Henderson | 58 Green Hills Ct. Henderson | | 24 Desert Gallery St. Henderson | | | |
| Proximity to Subject | | Same Subdivision | | Same Subdivision | | | |
| Sale Price | $ N/A | $ 355,000 | | $ 370,000 | | $ | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 104.78 sq. ft. | | $ 109.21 sq. ft. | | $ sq. ft. | |
| Data Source(s) | | GLVAR / MLS / Assessor | | GLVAR / MLS / Assessor | | | |
| Verification Source(s) | | Contingent Sale | | Documents Reviewed | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | CONV | | CASH | | | |
| Concessions | | None | | None | | | |
| Date of Sale/Time | N/A | 9/12/2016 | | 5/17/2016 | | | |
| Location | Suburban | Similar | | Similar | | | |
| Leasehold/Fee Simple | Fee Simple | Similar | | Similar | | | |
| Site | 0.16 Acre | 0.15 Ac. / Sim. | | 0.16 Ac. / Sim | | | |
| View | Street scene | Similar | | Similar | | | |
| Design (Style) | Contemporary | Similar | | Similar | | | |
| Quality of Construction | Average | Similar | | Similar | | | |
| Actual Age | 18a / 16e | 17a / 15e | | 15a / 12e | -13,000 | | |
| Condition | Fair to Poor | Superior | -30,000 | Superior | -30,000 | | |
| Above Grade | Total 9  Bdrms 4  Baths 2.5 | Total 9  Bdrms 4  Baths 2.5 | | Total 7  Bdrms 4  Baths 4.0 | | Total  Bdrms  Baths | |
| Room Count | | | | | -2,500 | | |
| Gross Living Area 50.00 | 3,289 sq. ft. | 3,388 sq. ft. | -4,950 | 3,388 sq. ft. | -4,950 | sq. ft. | |
| Basement & Finished | | | | | | | |
| Rooms Below Grade | No Basement | Similar | | Similar | | | |
| Functional Utility | Typical | Similar | | Similar | | | |
| Heating/Cooling | FAU | Similar | | Similar | | | |
| Energy Efficient Items | Typical | Similar | | Similar | | | |
| Garage/Carport | 3 Car Garage | 3 Car / Similar | | Similar | | | |
| Porch/Patio/Deck | CFP / CCP / Balc | Similar | | Cvd. Patio / Inf. | 2,000 | | |
| Upgrades | BBQ | 1 F/P, RV | -2,000 | 1 F/P / Superior | -1,500 | | |
| Upgrades | Fence,BBQ | None | | Pool | -20,000 | | |
| Days on Market | N / A | 32 | | 146 | | | |
| Net Adjustment (Total) | | ☐ +  ☒ - | $ 36,950 | ☐ +  ☒ - | $ 69,950 | ☒ +  ☐ - | $ 0 |
| Adjusted Sale Price of Comparables | | Net Adj. -10.4% | | Net Adj. -18.9% | | Net Adj. 0.00% | |
| | | Gross Adj. 10.4% $ 318,050 | | Gross Adj. 20.0% $ 300,050 | | Gross Adj. 0.00% $ 0 | |

Summary of Sales Comparison Approach

Produced using ACI software, 800.234.8727 www.aciweb.com
Additional Comparables

This form Copyright © 2005-2014 ACI, All Rights Reserved.
(Qpar™) General Purpose Appraisal Record 12/2005
GPAR0004_03 11132014

ADDENDUM

| Client: Michael J. Moore | File No.: 57 Blue Canyon |
| Property Address: 57 Blue Canyon Court | Case No.: 20180627001 |
| City: Henderson | State: NV | Zip: 89012 |

**Intended Use**
The intended use of this appraisal is to assist the client in making valuation decisions for bankruptcy litigation regarding the subject property.  No other use is intended.  The scope of this assignment is specific to the identified intended use.

**Neighborhood Description**
The subject neighborhood is mostly comprised of  older (Post-1990) mostly 2 story, stucco on wood frame dwellings predominately between 2,500 and 3,500 square feet that are, for the most part, well maintained with effective ages somewhat less than actual ages.  The average actual home age within the neighborhood is about 12 yrs.  Most homes are of average to good quality materials and are nearing the end of their physical lives and many have been converted for an office use.

The primary driver of this neighborhood's popularity is convenience to employers, shopping and schools.  Numerous strip malls major supermarket chains, national pharmacy chains are all within a few miles.  Elementary and middle schools are close and the high school is less than 5 miles away.

The subject area is dominated by sites that generally fall between 0.10 Acre and 0.25 Acre in size, and they are larger than many of the sites noted for surrounding tract home developments.

Overall, this is a newer community.  The convenient location  with easy access to employment linkages, proximity to the I-215 and to US-95, to community services and perceived good quality of the local school system should continue good market appeal for the foreseeable future.  Common area parks, playgrounds and green areas were noted and considered.

The neighborhood is considered to be part of the Las Vegas community.  A medium to low density was noted in the general area and a 75% build-out was noted.

**Neighborhood Market Conditions**
Mortgage financing is available at rates purchasers consider attractive.  Seller financing is virtually nonexistent, although seller concessions of a few thousand dollars are not uncommon.  MLS records indicate an average market time of about 30 days, which is considered a reasonable exposure time for the subject.   Given the market data analyzed by the appraiser, there are no fiscal or economic trends expected to occur that would significantly impact the relatively poor market conditions that are being experienced within metropolitan Las Vegas and Henderson.

Values in the early part of 2017 were increasing due to a shortage of homes due to increasing demand.  Short-sales and REO sales had fallen to less than 1% and they are no longer an important part of the market.

**Highest and Best Use**
Given the present zoning and effective demand, highest and best use is single family (low  to medium density).  The subject site has off-corner orientation but is in a cul-de-sac.

**Site Comments**
Concrete slabs (a open patio and a large covered front porch) were noted at the south, east and west sides of the subject building together with landscaped areas.  The gated fence allows rear yard access and concrete block walls were dominant.

Statements regarding zoning compliance are intended only in the most general sense.  Zoning and building ordinances vary significantly from one municipality to another and can be extremely detailed.  The scope of this assignment does not include a comparison of every potentially significant characteristic of the subject property's site and improvements relative to zoning and building ordinances.  Unless otherwise noted, standard utility and right-of-way easements are insignificant to value.  However, a current locational or boundary survey, which was unavailable to the appraiser, may reveal encroachments, easements, zoning violations or other matters of interest that could warrant modification of the appraised value.

**Improvements / Features**
The subject has; a covered front porch, a covered rear patio, a balcony, walk-in closets, multiple sink bathrooms, a 3-car garage with auto door openers, central vacuum, a utility room with cabinets, an island kitchen, shutters on most windows, built-in BBQ and one of the rooms has no closet and thus was deemed a den (and not a bedroom).

**Inspection / Repair Comment**
The appraiser noted that the subject is owner-occupied and in fair to poor condition with an actual and effective age as reported.  A number of deferred maintenance items are in need of repair including, but no limited to, the following:  The laminate flooring and carpet flooring throughout the home were in fair to poor condition and require replacement, interior painting due to discoloration and water damange is needed and an AC replacement is needed per the owner.  The cost-to-cure allof the deferred maintenance items identified is a follows: Flooring replacement ($ 18,000), interior painting ($ 4,000), Plumbing and leaks ($ 4,000), AC Unit replacement ($ 7,000), Site Clean-up ($ 2,000).  Thus the appraiser concluded a cost-to-cure estimate of $ 34,000 on the retrospective date of value.  It was assumed that the current repairs were also required as of the retrospective date.  The appraiser used a $ 30,000 adjustment for condition in the sales approach section of this report to off-set these items when comparable to the condition of the sales.

**Assumption**
The appraiser has assumed in this report, based on the representations of the owner, that the condition of the improvements on the date of the inspection were similar to those as of the retrospective appraisal date.

File No. 57_Blue_Canyon

### Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be effected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be completely performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(GPAR™) General Purpose Appraisal Report 10/2005
GPAR2M_05 08152018

File No. 57_Blue_Canyon

**Appraiser's Certification**

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

**Additional Certifications:**

I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

This report was completed for the client for litigation purposes, no other use of the report is intended. This report was not completed for a lending / financing purpose.

Definition of Value:  [X] Market Value   [ ] Other Value:

Source of Definition: "The Appraisal of Real Estate" Twelfth Edition, Appraisal Institute, Chicago, IL

The most probable price which a specified interest in real property is likely to bring under all of the following conditions:

1. Consummation of a sale occurs as of a specified date.
2. An open and competitive market exists for the property interest appraised.
3. The buyer and seller are each acting prudently and knowledgeably.
4. The price is not affected by undue stimulus.
5. The buyer and seller are typically motivated.
6. Both parties are acting in what they consider their best interest.
7. Marketing efforts were adequate and a reasonable time was allowed for exposure in the open market.
8. Payment was made in cash in U.S. dollars or in terms of financial arrangements comparable thereto.
9. The price represents the normal consideration for the property sold, unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

ADDRESS OF THE PROPERTY APPRAISED:
57 Blue Canyon Court
Henderson, NV 89012
EFFECTIVE DATE OF THE APPRAISAL: January 31, 2017
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 310,000

APPRAISER                                          SUPERVISORY APPRAISER

Signature:                                         Signature:
Name: Glenn J. Rigdon, MA, MRICS, IFAS, ASA        Name:
State Certification # 2773                         State Certification #
or License #                                       or License #
or Other (describe):_____ State #:               State:
State: NV                                          Expiration Date of Certification or License:
Expiration Date of Certification or License: 10/31/2019   Date of Signature:
Date of Signature and Report: June 29, 2018        Date of Property Viewing:
Date of Property Viewing: June 27, 3018            Degree of property viewing:
Degree of property viewing:                        [ ] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view
[X] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view

Produced using ACI software, 800.234.8727 www.aciweb.com    This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
Page 2 of 2                                          (qPAR™) General Purpose Appraisal Report 12/2005
Appraisers Choice                                   GPAR2M_05 08112008

# EXHIBIT 5

# Declaration of Mortgage Servicer Pursuant to Nevada Senate Bill 321, Section 11(6)

Borrower(s): Michael J Moore
                       Manolita Bisnar Moore
Mortgage Servicer: Ocwen Loan Servicing, LLC as Servicer for HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2004-12
Loan No.: 7110840936

The undersigned, as an authorized agent or employee of the mortgage servicer named above, declares that:

1. ☒ The mortgage servicer has contacted the borrower pursuant to Nevada Senate Bill 321, Section 11(2), to "assess the borrower's financial situation and to explore options for the borrower to avoid a foreclosure sale". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to Nevada Senate Bill 321, Section 11(5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to Nevada Senate Bill 321, Section 3.

4. ☐ No contact was required because the requirements of Nevada Senate Bill 321, Sections 2-16, inclusive, do not apply because the loan is not a "residential mortgage loan" because it is not primarily for personal, family or household use or is not secured by a mortgage or deed of trust on owner-occupied housing as defined in NRS 107.086 pursuant to Nevada Senate Bill 321, Section 7.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: _____9/7/16_____          By: _____
                                                            Angel Ramos
                                                            Contract Management Coordinator

29161